IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP LEE COBB, <br> (Former TDCJ-CID #514392) <br> Plaintiff, | § <br> § <br> § <br> § | |
| vs. | § | CIVIL ACTION H-06-2858 |
| GARY JOHNSON, *et al.*, <br> Defendants. | § <br> § <br> § <br> § | |

## MEMORANDUM AND OPINION

Phillip Lee Cobb, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in August 2006, alleging civil rights violations resulting from a denial of due process. On October 17, 2006, this court dismissed this civil action for want of prosecution. (Docket Entry No. 6). This court reinstated this civil action on December 12, 2006. (Docket Entry No. 9).

Upon reconsideration, the court grants Cobb leave to proceed *in forma pauperis*. (Docket Entry No. 4). Cobb, proceeding *pro se*, sues Gary Johnson, Director of the Texas Department of Criminal Justice ("TDCJ"); Brian Collier, Director of the Texas Board of Pardons and Paroles ("Board)"; Rissie L. Owens, a member of the Board; Gerald Garrett, a member of the Board; Thomas G. Fordyce, a member of the Board; Christina Melton Crain, Chairman of the Texas Board of

Criminal Justice ("TBCJ"); Brad Livingston, Executive Director of the TDCJ; Doug Dretke, Director of the Correctional Institutions Division; Gary Gomez, Deputy Director of Support Services; Pamela Williams, Assistant Director for Classification and Records, Support Services; Alfred C. Janicek, Head Warden of the Ellis Unit; Cody W. Ginsel, Assistant Warden of the Ellis Unit; Edward E. Howell, Major at the Ellis Unit; Frank Hoke, Director of Access to Court Support Services; and James Welch, Industrial Specialist VI of the TDCJ-ID Garment Factory.

The threshold issue is whether Cobb's claims should be dismissed as frivolous. The court concludes that Cobb's claims lack merit and should be dismissed for the reasons stated below.

## I. Plaintiff's Allegations

Cobb explains that he was released from TDCJ-CID in May 2006. He states that he filed this lawsuit with the assistance of a fellow inmate at the Ellis Unit. Cobb explains that because he has discharged his sentence, his sole remedy is a civil rights complaint under 42 U.S.C. § 1983.

Cobb states that on December 28, 1988, he entered a plea bargain agreement with the prosecutor of El Paso County. Cobb pleaded guilty to unauthorized use of a motor vehicle, enhanced, and credit card abuse, enhanced, in exchange for two eleven-year sentences to be served concurrently. (Cause Numbers 53327-205 &

53328-205).

In December 1989, the Board released Cobb on parole. Cobb was arrested in December 1991, and his parole was revoked. Cobb complains that upon his return to prison, the Classification and Records Office improperly extended his sentence and postponed his discharge date to December 2001.

Cobb was released to parole in April 1992, and the Board again revoked his parole in January 1993. The Classification and Records Office postponed Cobb's discharge date to September 2002.

The Board released Cobb to parole in August 1998, and the Board revoked his parole in July 1999. His discharge date was postponed to April 2003.

The Board released Cobb to parole in February 2001, and revoked his parole in July 2001. The Classification and Records Office extended his sentence to September 2003.

On August 27, 2003, the Board released Cobb on mandatory supervision. In April 2005, a warrant was issued for Cobb's arrest and the warrant was executed in Maryland on June 10, 2005. Cobb's discharge date was again postponed to December 10, 2005. Cobb remained in custody and had a parole revocation hearing on February 24, 2006. His revocation hearing was continued until March 8, 2006. The hearing officer recommended that Cobb be allowed to discharge his sentence on

December 10, 2005.

Cobb complains that his original discharge date of December 1999 was extended to December 2005. Cobb complains the defendants conspired to impose an unlawful sentence that violated his original 1988 plea bargain agreement. Cobb argues that the defendants breached his 1988 contractual agreement. The defendants forced Cobb to sign an adhesive contract upon his release. The terms of the contract required Cobb to forfeit his previously earned good time credits.

By holding Cobb under an unlawful sentence, Cobb maintains that the defendants are guilty of kidnapping. Upon the revocation of parole, Cobb was forced to work without just compensation in the Ellis Unit garment factory.

Cobb complains the denial of credit for street time on parole extended his sentences by six years and sixty-three days. He asserts the denial of credit for time on parole violates the Double Jeopardy Clause.

Cobb complains of his confinement for 143 days beyond his modified discharge date of December 10, 2005. Regarding the revocation hearing in March 2006, Cobb complains that he was denied notice, a hearing, an opportunity to review the evidence, and an opportunity to cross-examine witnesses.

Cobb invokes this court's pendent jurisdiction to raise the state law claims of bad faith and kidnapping.

Cobb asserts that Gary Johnson has the authority to promulgate policy governing the TDCJ and the Board. Brian Collier has authority to make decisions concerning the granting or denial of parole. Rissie L Owens, Gerald Garrett, and Thomas G. Fordyce make decisions regarding the granting or denial of parole. Christina Melton Crain has authority to promulgate policies governing the TDCJ-CID and the Board. Brad Livingston promulgates policies governing the TDCJ-CID and the Board. Doug Dretke is responsible for the operation of support services. Gary Gomez is responsible for supervising the operation of the Classification and Records Office. Pamela Williams is responsible for processing inmates for intake, release, and transfers. Alfred C. Janicek promulgates policies governing the operation of the Ellis Unit. Cody W. Ginsel and Edward E. Howell are responsible for policies governing the day-to-day operation of the Ellis Unit. Frank Hoke is responsible for supervising the Access to the Courts Program. James Welch has authority to promulgate policies governing the operation of the Ellis Unit garment factory.

Cobb seeks a declaration that defendants violated his civil rights by: engaging in bad faith; violating contract laws; violating the Double Jeopardy clause; subjecting Cobb to involuntary servitude; kidnapping Cobb; engaging in a conspiracy; violating the separation of powers; and denying Cobb due process. Cobb seeks a declaration that good time credits cannot be forfeited; that a sentence must be continual; and that

only a trial judge can expand his sentence.

Cobb seeks punitive damages of $500,000 against each defendant; compensatory damages of $3,000,000 for time served beyond the original discharge date of December 1999; compensatory damages of $2,000,000 for the 143 days past the modified discharge date of December 10, 2005; and compensatory damages of $8,000,000 for inducement into slavery.

## II. Standard of Review

The terms of 28 U.S.C. § 1915(e)(2)(B)(i) authorize a federal court to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. This section applies equally to prisoner and non-prisoner cases. *See Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231-33 (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim). Indeed the relevant section makes no distinction between prisoner and plaintiff, providing only that the court "shall dismiss the case at any time if the court determines that ... the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The court has broad discretion in determining the frivolous nature of the

complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

Because Cobb is proceeding as a pauper, this court considers his complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## III. Analysis

Cobb complains that the defendants breached his plea bargain agreement, erred in calculating his sentences, and detained him beyond his discharge date. As noted, Cobb is no longer in the custody of the TDCJ-CID. Because Cobb seeks relief for an alleged failure to properly credit his state sentence of incarceration, the court must determine whether *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), applies. In *Heck,* the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable

termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004). In addition, courts have extended the holding in *Heck* to claims seeking declaratory or injunctive relief as well as damages under 42 U.S.C. § 1983. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Clarke v. Stalder,* 154 F.3d 186, 190-91 (5th Cir. 1998). *Heck* applies to claims involving time-credit issues related to the duration of a sentence of incarceration. *See Edwards v. Balisok,* 520 U.S. 641, 643 (1997).

Under *Heck,* Cobb must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Cobb cannot make such showing. Because Cobb has not demonstrated that his time-credit calculations has been reversed, expunged or set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, the court finds that Cobb's claims for damages and injunctive relief are not cognizable under § 1983 at this time. If the court were to grant damages or injunctive relief for the alleged improper sentence calculation, such ruling would necessarily call into question the duration of Cobb's sentences. Cobb has failed to show that the calculation of his sentences has been reversed, invalidated, or expunged prior to bringing the instant action. He has obtained no relief from the time-credit calculation.

Until Cobb receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . ."). Cobb's claims challenging his sentence calculation are "legally frivolous" within the meaning of sections 1915(e)(2). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Cobb informed this court that he is no longer in custody. The court has learned through telephone inquiry that Cobb discharged his eleven-year sentences, Cause Numbers 53327-205 & 53328-205, on May 2, 2006. He explains that he filed this suit under 42 U.S.C. § 1983 because he cannot file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1, Complaint, p. 4).

In *Randell v. Johnson,* 227 F.3d 300 (5th Cir. 2000), Randell argued that he was no longer in custody and thus could not file a habeas petition. Randell asserted that he did not need to prove that the underlying proceedings upon which his conviction was based had been terminated in his favor, since he could no longer seek

habeas relief. Relying on the language in *Heck v. Humphrey*,[1] 512 U.S. 477, 486-87 (1994), the Fifth Circuit explained that the Supreme Court unequivocally held that unless an authorized tribunal or executive body had overturned or otherwise invalidated the plaintiff's conviction, his claim "is not cognizable under [section] 1983." *Randell*, 227 F.3d at 301 (citing *Heck*, 512 U.S. 477, 487). The Fifth Circuit reasoned that because Randell was seeking damages pursuant to § 1983 for unconstitutional imprisonment and had not satisfied the favorable termination requirement of *Heck*, he was barred from any recovery and failed to state a claim upon which relief may be granted.[2]

In *Leonard v. Juge*, 72 Fed. Appx. 129, 2003 WL 21770848 (5th Cir. 2003), the Leonards appealed the dismissal with prejudice of their 42 U.S.C. § 1983 civil

---

[1]The Fifth Circuit relied on the following language:
We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[2]
In *Randell*, the Fifth Circuit noted that dicta from concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1 (1998), may have cast doubt upon the universality of *Heck*'s "favorable termination" requirement." The Fifth Circuit stated that it would heed the Supreme Court's admonition to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court "the prerogative of overruling its own decisions." *Randell*, 227 F.3d at 301.

rights complaint as barred by the "favorable termination" requirement of *Heck v. Humphrey,* 512 U.S. 477 (1994), and the dismissal without prejudice of their Louisiana tort claim. The Leonards argued that holding a non-custodial plaintiff to the *Heck* "favorable termination" requirement effectively foreclosed any mechanism of relief either on federal or state habeas review or under 42 U.S.C. § 1983. In rejecting this argument, the Fifth Circuit explained, in an unpublished opinion, that:

> In *Randell v. Johnson,* 227 F.3d 300 (5th Cir. 2000), this court applied the *Heck* "favorable termination" requirement to a non-custodial plaintiff's § 1983 complaint which challenged his extended sentence. This court has not overruled *Randell* and the Supreme Court has not overruled the applicability of the *Heck* "favorable termination" requirement to custodial and non-custodial plaintiffs alike. *See In re Dyke,* 943 F.2d 1435, 1442 (5th Cir. 1991), abrogated on other grounds, *Patterson v. Shumate,* 504 U.S. 753 (1992) (noting that one panel of this court is bound by the precedent of previous panels absent an intervening Supreme Court case overruling that prior precedent). The Leonards have failed to demonstrate that John Leonard's extended sentence has been invalidated by one of the methods prescribed by *Heck.*

*Leonard,* 72 Fed. Appx. at 130.

Similarly, because Cobb is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery and fails to state a claim upon which relief may be granted.

Cobb's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## IV. The Claim Based on Involuntary Servitude

Cobb claims that he was forced to work after he had discharged his sentence. If the court were to grant damages or injunctive relief for the alleged involuntary servitude, such ruling would necessarily call into question the duration of Cobb's sentence. As noted above, Cobb has failed to show that the calculation of his sentence has been reversed, invalidated, or expunged prior to bringing the instant action. Cobb has not satisfied the favorable termination requirement of *Heck*, so he is barred from any recovery.

Alternatively, the court finds that Cobb's allegation of involuntary servitude is frivolous. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. The Constitution does not forbid an inmate from being required to work without pay or compensation. *See Ali v. Johnson,* 259 F.3d 317, 318 (5th Cir. 2001). *See also Wendt v. Lynaugh,* 841 F.2d 619 (5th Cir. 1988) (dismissing as frivolous prisoner's civil rights claim that he was forced to work

without pay while in prison).

Cobb had been duly convicted and sentenced by the state trial court. At the time he was required to work in the garment factory, he had not yet served his full sentence. He states no cognizable violation of the Thirteenth Amendment. Cobb has not shown that the defendants violated his rights by making him hold a prison job. He likewise has not raised a viable § 1983 claim.

## V. Pendent State Claims

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the court has dismissed Cobb's section 1983 claims, the court declines to exercise supplemental jurisdiction over the claims he asserts based on state law.

## VI. Conclusion

Cobb's motion to proceed as a pauper, (Docket Entry No. 4), is GRANTED. The action filed by Phillip Lee Cobb (TDCJ-CID Inmate #514392) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C.

§ 1915(e)(2)(B)(i). Cobb's motion for relief, (Docket Entry No. 10), is DENIED. Cobb's motion to amend complaint to correct the addresses of five defendants, (Docket Entry No. 11), is GRANTED. Any remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on June 13, 2007.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE